**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOSE A. LORA,                                                                  Case No. 18-CV-4949 (JMF) (HBP)
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                      Plaintiff,

        -against-

GRILL ON 2nd LLC d/b/a Tuttles Bar & Grill and
GARRETT DOYLE, in his individual capacity,

                     Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT**
**JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEUDRE 55(b)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………..3

STANDARD OF REVIEW ……………………………………………………………5

FACTS …………………………………………………………………………………6

PLAINTIFF IS ENTITLED TO UNPAID OVERTIME PREMIUM AND
SPREAD OF HOURS PAY …………………………………………………………...7

PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES …………………………...8

DEFENDANTS VIOLATED THE WAGE THEFT PREVENTION ACT ……………...9

PLAINTIFF IS ENTITLED TO STATE LAW PREJUDGMENT INTEREST …………9

AUTOMATIC INCREASE OF JUDGMENT …………………………………………10

CONCLUSION ………………………………………………………………………….10

# **TABLE OF AUTHORITIES**

**Cases**

*155 Henry Owners Corp. v. Lovlyn Realty Co.,* 647 N.Y.S.2d 30, 32,
   231 A.D.2d 559, 561 (N.Y. App. Div. 1996) …………………………………..10

*Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1991) ……………….6

*Ainbinder v. Money Ctr. Fin. Group, Inc.,* No. 10 CV 5270, 2013 U.S. Dist. LEXIS
   47103, at *11 (EDNY 2013) ………………………………………………….5

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) ……………………………6

*Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1064 (2d Cir. 1988) ……………………..9

*Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 714-16 (1945) …………………………..9

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 115 (N.Y. App. Div. 180) ……………….8

*Circuito Cerrado, Inc. v. Pizzeria v. Pupiseria Santa Rosito, Inc.*, 804 F.Supp.2d 108,
   112 (EDNY 2011) …………………………………………………………….5

*Credit Lyonnais Sec. (USA) Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999) ………5

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158
   (2d Cir. 1992) …………………………………………………………………5

*Gutman v. Klein*, No. 03 CV 1570, 2010 U.S. Dist. LEXIS 124704, at *4-5,
   2010 WL 4975593, at *1 (EDNY 2010) ……………………………………..5

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) ……………………8

*Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06 CV 1878, 2007 U.S.
   Dist. LEXIS 99935, at *4 (EDNY 2007) ……………………………………..5

*Marfia v. T.C. Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) …………………………..10

*McLean v. Garage Mgmt. Corp.,* Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist.
LEXIS 55425, at * 21 (SDNY 2012) …………………………………………8

*Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58 (2d Cir. 1997) ……………………6

*Reilly v. NatWest Mktrs. Grp., Inc.,* 181 F.3d 253, 265 (2d Cir. 1999) ……………….8, 9

*Rodriguez v. Queens Convenience Deli Corp.,* No. 09 CV 1089, 2011 U.S. Dist.

LEXIS 120478, at * 10 (EDNY 2011) …………………………………………………..8

*Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993) …………………………...6

**Statutes**

29 U.S.C. §§ 207(a)(1) ……………………………………………………………………7

29 U.S.C. §§ 215(a)(2) ……………………………………………………………………7

29 U.S.C. § 216(b) ………………………………………………………………………8

NYLL § 195(1) …………………………………………………………………………….9

NYLL § 198(1-b) …………………………………………………………………......9, 10

NYLL § 663(1) …………………………………………………………………………8, 10

**Rules**

Federal Rule of Civil Procedure 55(b)(2) …………………………………………………5

N.Y. Comp. Codes R & Regs. Tit. 12, § 146-1 …………………………………………..7, 9

NY CPLR 5004 …………………………………………………………………………….9

Plaintiff respectfully requests that the Court enter default judgment against Defendants Grill on 2nd LLC d/b/a Tuttles Bar & Grill and Garrett Doyle pursuant to Federal Rule of Civil Procedure 55(b)(2). ("Rule 55(b)(2)").  This action was commenced on June 4, 2018 with the filing of a summons and complaint.  None of the Defendants answered the complaint.  *See* Salaman Decl. (detailing procedural history).  Plaintiff now moves for default judgment pursuant to Rule 55(b)(2).

## STANDARD OF REVIEW

The Defendants' default is deemed an admission of liability and all well-pleaded factual allegations in the complaint pertaining to liability are deemed true.  *Ainbinder v. Money Ctr. Fin. Group, Inc.,* No. 10 CV 5270, 2013 U.S. Dist. LEXIS 47103, at *11 (EDNY 2013); *Circuito Cerrado, Inc. v. Pizzeria v. Pupiseria Santa Rosito, Inc.*, 804 F.Supp.2d 108, 112 (EDNY 2011); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.,* No. 06 CV 1878, 2007 U.S. Dist. LEXIS 99935, at *4 (EDNY 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "Once a party's default is established, damages must still be proven." *Ainbinder*, 2013 U.S. Dist. LEXIS 47103, at *12 (citing *Gutman v. Klein*, No. 03 CV 1570, 2010 U.S. Dist. LEXIS 124704, at *4-5, 2010 WL 4975593, at *1 (EDNY 2010)).  The burden is on the plaintiff to provide adequate support for the relief sought.  *See Greyhound Exhibitgroup*, 973 F.2d at 158; *Ainbinder*, 2013 U.S. Dist. LEXIS 47103, at *12.

An evidentiary hearing is not necessary before entry of default judgment if the Court has decided the law applicable to the calculation of damages, *see Credit Lyonnais Sec. (USA) Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999), and the plaintiff has submitted evidence establishing with reasonable certainty the factual basis for an award

of damages.  *See Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir. 1991).

The Plaintiff includes an affidavit herewith evidencing the amount of wages the Defendants owe him.  The Plaintiff's affidavit is the best evidence of his hours worked as the Defendants have failed to participate in this case.  Such approximations of hours worked by an employee are acceptable when there are no time records available.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58 (2d Cir. 1997).

## **FACTS**

The Defendants operate a restaurant doing business as Tuttles Bar & Grill located at 735 2nd Avenue, New York NY 10016.  *See* Compl. ¶33; Pl. Aff. ¶3.  The New York corporate defendant Grill on 2nd LLC is owned or controlled by the individual defendant Garrett Doyle.  *See* Compl. ¶ 13-16; Pl. Aff. ¶ 4.  From December 21, 2017 to May 24, 2018, the defendants together jointly employed the plaintiff as a busboy and food runner in the defendants' restaurant.  *See* Compl. ¶ 30, 32; Pl. Aff. ¶ 2-3.  The plaintiff worked for the defendants for approximately fifty-two (52) hours per week, including twelve hours per day on Sundays.  *See* Compl. ¶ 37-39; Pl. Aff. ¶ 8-9.  The Defendants paid the plaintiff $7.50 per hour plus tips during the first two weeks of his employment, and $8.65 per hour plus tips for the remainder of his employment.  *See* Compl. ¶ 35-36; Pl. Aff. ¶ 5.  The Defendants failed to pay plaintiff overtime premium or spread of hours pay.  *See* Compl. ¶ 41, 44; Pl. Aff. ¶ 11-12.  Additionally, the defendants failed to provide plaintiff with a wage notice upon his hire.  *See* Compl. ¶ 34; Pl. Aff. ¶ 14.

## PLAINTIFF IS ENTITLED TO UNPAID OVERTIME PREMIUM AND SPREAD OF HOURS PAY

An employer subject to the FLSA is required to pay its employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.  29 U.S.C. §§ 207(a)(1), 215(a)(2).  There is an identical requirement under the Minimum Wage Act. N.Y. Comp. Codes R & Regs. Tit. 12, § 146-1.4.  Based on the plaintiff's evidence of his hours and wages, the Defendants owe Plaintiff $3,228.30 in unpaid overtime premium.

An employer is required to pay an employee who works spread of hours in excess of ten an additional hour at the minimum wage rate.  N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.5.  Based on the plaintiff's evidence of his hours and wages, the Defendants owe the plaintiff $407.40 in unpaid spread-of hours wages.

**Overtime Premium**

| Weeks | Hours worked per week | Overtime hours per week | Tipped pay rate | Overtime rate | Wages owed per week | Total wages owed |
|---|---|---|---|---|---|---|
| 2  | 52 | 12 | $7.50 | $11.25  | $135.00 | $270.00 |
| 19 | 52 | 12 | $8.65 | $12.975 | $155.70 | $2,958.30 |

**Spread-of-hours wages**

| Weeks | Hours per week with spread greater than ten hours | Minimum wage rate | Spread-of-hours wages owed per week | Spread-of-hours wages owed |
|---|---|---|---|---|
| 21 | 2 | $9.70 | $19.40 | $407.40 |

Total actual damages = $3,635.70

**PLAINTIFF IS ENTITLED TO LIQUIDATED DAMAGES**

The Plaintiff is entitled to liquidated damages under either the FLSA or the NYLL.  Liquidated damages under the FLSA are "compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA."  *Id.*   Liquidated damages under the NYLL are punitive.  *See, e.g., Reilly v. NatWest Mktrs. Grp., Inc.,* 181 F.3d 253, 265 (2d Cir. 1999); *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 115 (N.Y. App. Div. 180).

An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds.  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999).  An employer who seeks to avoid liquidated damages as a result of violating the NYLL must prove "a good faith basis to believe that its underpayment of wages was in compliance with the law."  NYLL § 663(1).  The standard for "good faith" is the same under the FLSA and the NYLL.  *See McLean v. Garage Mgmt. Corp.,* Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425, at * 21 (SDNY 2012).  In this case, the Defendants, by their default, fail to meet their burden to oppose the imposition of liquidated damages.  *See Rodriguez v. Queens Convenience Deli Corp.,* No. 09 CV 1089, 2011 U.S. Dist. LEXIS 120478, at * 10 (EDNY 2011).

The plaintiff is entitled to liquidated damages either under the FLSA in the amount of 100%, 29 U.S.C. § 216(b) or liquidated damages in the amount of 100% under the NYLL § 663(1).

The plaintiff is entitled to liquidated damages in the amount of $3,635.70.

## **DEFENDANTS VIOLATED THE WAGE THEFT PREVENTION ACT**

The Defendants failed to furnish to the plaintiff, at the time of hiring, a notice containing the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1) and N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-2.2.

Due to Defendants' violation of NYLL § 195(1) and N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-2.2, the plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, reasonable attorney's fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).  Therefore, for the twenty-one weeks working, the plaintiff is entitled to statutory damages in the amount of $1,050.00.

## **PLAINTIFF IS ENTITLED TO STATE LAW PREJUDGMENT INTEREST**

Under the FLSA, prejudgment interest may not be awarded in addition to liquidated damages. *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1064 (2d Cir. 1988) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 714-16 (1945).  However, prejudgment interest may be awarded under the NYLL in addition to liquidated damages. *Reilly*, 181 F.3d 265.  The interest rate is nine percent per annum.  NY CPLR 5004. "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single

reasonable intermediate date,' which can be used to simplify the calculation." *Marfia v. T.C. Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (quoting *155 Henry Owners Corp. v. Lovlyn Realty Co.,* 647 N.Y.S.2d 30, 32, 231 A.D.2d 559, 561 (N.Y. App. Div. 1996)). In this case, the total is the same by either method. The prejudgment interest owed as of the date of this motion is $187.23 (interest is $748.92 per year).

## AUTOMATIC INCREASE OF JUDGMENT

The NYLL provides that "any judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL §§ 198(4), 663(4). It further provide that costs and attorneys' fees incurred in enforcement of a judgment shall be awarded to the plaintiff. *Id.*

## CONCLUSION

Wherefore, Plaintiff applies for a default judgment in favor of the Plaintiff and against the Defendants jointly and severally in the amount of $8,321.40 plus further prejudgment interest of $187.23 to date. The plaintiff will move separately for attorney's fees and costs.

Dated: August 15, 2018
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s / Robert D. Salaman*
_____
Robert D. Salaman