**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOSE A. LORA,                                                        Case No. 18-CV-4949 (JMF) (HBP)
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class,*

                                Plaintiff,

                        -against-

GRILL ON 2nd LLC d/b/a Tuttles Bar & Grill and
GARRETT DOYLE, in his individual capacity,

                                Defendants.
-----------------------------------------------------------X

### DECLARATION OF ROBERT D. SALAMAN IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULE 55(b)

I, Robert D. Salaman, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am an associate attorney at Akin Law Group PLLC, located at 45 Broadway, Suite 1420, New York NY 10006, which represents Plaintiff Jose A. Lora in the above-captioned litigation.

2.  To date, I am the sole lawyer responsible for the prosecution of the claims in this matter.

3.  I make these statements based on my personal knowledge.

4.  None of the Defendants in the above-captioned litigation are infants or incompetents.

5.  A search of the Lexis Advance military finder database records returned no records for Garrett Doyle and therefore, upon information and belief, this defendant is not currently in the military.  In addition, Grill on 2nd LLC is not a natural person.

6.  This action was commenced on June 4, 2018 by the filling of a Summons and Complaint. ECF Doc. No. 1.

7.  Upon information and belief, as set forth in the affidavits of service filed with the Court on July 30, 2018, Doc Nos. 9-10, the pleadings to which no response has been made were properly served.

8.  All Defendants have failed to plead or otherwise defend the action.

9.  None of the Defendants have filed an answer.

10. None of the Defendants have filed a notice of appearance.

11. A copy of the summons and complaint was served on Defendant Grill on 2nd LLC d/b/a Tuttles Bar & Grill by serving via the Secretary of State on June 14, 2018.  Proof of the above-described service was filed on July 30, 2018.  ECF Doc. No. 9.

12. A copy of the summons and complaint was served on Defendant Garrett Doyle by serving via a suitable age person and mailing to the principal place of business on June 14, 2018.  Proof of the above-described service was filed on July 30, 2018.  ECF Doc. No. 10.

13. The deadline for all Defendants to answer the complaint was July 14, 2018.

14. None of the Defendants have answered the complaint.

15. The Clerk entered Certificates of Default on August 6, 2018 against all Defendants.  ECF Doc. Nos. 18-19.

16. On August 1, 2018, the Court ordered that Plaintiff file any motion for a default judgment by August 15, 2018, that Defendants file any opposition to the motion for default judgment no later than one week after Plaintiff's motion for default, and that Defendant show cause before the Court, Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, NY on August 30, 2018 at 3:00 p.m., why an order should not be issued granting a default judgment against Defendants.  ECF Doc. No. 12.

17. On August 1, 2018, Plaintiff served the Court's August 1, 2018 Order on Defendants at their principal place of business and filed a Certificate of Service regarding such service on August 6, 2018.  ECF Doc. No. 13.

18. Plaintiff's motion for default is not applicable to fewer than all Defendants.

19. Plaintiff seeks an entry of judgment against all Defendants, jointly and severally, for violations of the Fair Labor Standards Act and the New York Labor Law, for failure to pay overtime.  Plaintiff alleges that he worked approximately fifty-two hours per week and was not paid for any wages for hours worked in excess of forty per week.  Overall, Plaintiff seeks a total of owed overtime in the amount of $3,228.30.

20. Plaintiff seeks entry of judgment against all Defendants, jointly and severally, for violations of the New York Labor Law, for failure to pay spread of hours pay.  Plaintiff alleges that on Sundays he worked twelve hours per day and was not paid spread of hours for the hours worked in excess of ten.  Plaintiff seeks a total of owed spread of hours in the amount of $407.40.

21. Plaintiff also seeks entry of judgment against all Defendants, jointly and severally, for liquidated damages under the NYLL in the amount of 100%, a total of $3,635.70.

22. Plaintiff also seeks entry of judgment against all Defendants, jointly and severally, for violations of the New York Labor Law, for failure to provide a wage notice upon Plaintiff's hire in violation of NYLL § 195(1).  Pursuant to NYLL § 195(1), Plaintiff is entitled to recover liquidated damages of $50.00 per workweek that the violation occurred.  Therefore, for the twenty-one weeks worked, the Plaintiff is entitled to statutory damages in the amount of $1,050.00.

23. Plaintiff will move separately for the entry of judgment for payment of his attorney's fees and costs pursuant to the FLSA and NYLL.

24. Attached hereto as **Exhibit A** is a true and correct copy of an Affidavit from Plaintiff Jose A. Lora, dated August 15, 2018.

25. Attached hereto as **Exhibit B** is a true and correct copy of the operative complaint filed by Plaintiff in this action.

26. Attached hereto as **Exhibit C** are true and correct copies of the affidavits of service of the summons and complaint on Defendants.

27. Attached hereto as **Exhibit D** is a true and correct copy of the Clerk's August 6, 2018 Certificates of Default.

28. Attached hereto as **Exhibit E** is Plaintiff's Proposed Default Judgment.

Dated: August 15, 2018
      New York, New York

             Respectfully submitted,

             **Akin Law Group PLLC**

             */s / Robert D. Salaman*

             _____

             Robert D. Salaman
             45 Broadway, Suite 1420
             New York, New York 10006
             (212) 825-1400

             *Counsel for Plaintiff*