UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JOSE A. LORA, :
:
Plaintiff, : 18-CV-4949 (JMF)
:
-v- : MEMORANDUM OPINION
: AND ORDER
GRILL ON 2ND LLC, et al., :
:
Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 30, 2018, Plaintiff Jose A. Lora ("Plaintiff"), who brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a request to enter a default judgment against Defendants Grill on 2nd LLC and Garrett Doyle (collectively, "Defendants"). (Docket No. 11). On August 6, 2018, the Clerk of Court issued certificates of default (Docket Nos. 18, 19) and, on August 30, 2018, this Court entered a default judgment against Defendants in a total amount of $8,418.63 (Docket No. 25). The default judgment did not include provision for attorneys' fees, so on September 13, 2018, Plaintiff filed a motion for attorneys' fees. (Docket No. 26).

Plaintiff now seeks the Court's approval of $10,485.00 in attorneys' fees and $587.20 in costs. (Docket No. 27). In evaluating an attorneys' fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In addition to considering those factors, commonly referred to as the "*Goldberger* factors," a court may use one of two methods to calculate attorneys' fees: the "lodestar" method or the

"percentage of the fund" method. *See, e.g.*, *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes "reasonable" attorneys' fees. *See, e.g.*, *Baffa v. Donaldson Lufkin & Jenrette Secs. Corp.*, No. 96-CV-583 (DAB), 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002).

After due consideration of all the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive. Most significantly, the size of the requested fee in relation to Plaintiff's award — approximately 125% — is unreasonably high given the actual work that counsel did on the case and the complexity of the issues in this litigation. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33%, *see Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013), which is nowhere close to the percentage sought here.

Plaintiff's request is also excessive in light of the first *Goldberger* factor: time and labor. Counsel's proposed hourly rate of $350 for the managing partner and $250 for the associate is reasonable in this context. *See, e.g.*, *Gamero v. Koodo Sushi Corp.*, No. 15-cv-2697 (KPF), 2018 WL 4299988, at *4 (S.D.N.Y. Sept. 7, 2018) (approving hourly rates of $400 per hour for the partner and $300 an hour for the associate in an FLSA case). But courts "should exclude from [the attorneys'] fee calculation hours that were not reasonably expended," including hours that "are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotation marks omitted). Counsel spent far more time on this straightforward wage-and-hour claim — a type of claim in which counsel purports to be trained "extensively"

(*see* Docket No. 28 ¶ 12) — than is reasonable.  For example, counsel state that they spent more than nine hours drafting and filing the standard complaint filed in this case.  (*See* Docket No. 28-3).  They also state that they spent over thirteen hours on the default judgment process.  (*See id.*)  Finally, they say that it took them eight hours to draft the instant motion for attorneys' fees (*see id.*), a motion that would not have been necessary if they had sought attorney's fees as part of the default judgment, as is typically done, and that should not have taken eight hours in any event.  In short, a substantial portion of the almost forty hours spent on this case were excessive and unnecessary.

Finally, and relatedly, this case involved a standard wage-and-hour dispute — one that, because of its speedy resolution by default judgment, did not even require counsel to appear for an initial pre-trial conference or a settlement conference.  In light of the seeming lack of complexity of the legal and procedural issues at play and counsel's time and labor, the Court finds that the fee request should be reduced by 50%.  Anything above that would be unreasonable.  Accordingly, the Court awards attorney's fees of $5,242.50.  The Court also awards Plaintiffs' counsel $587.20 in costs related to this action, for a total award of $5,829.70.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: October 19, 2018
      New York, New York

_____
JESSE M. FURMAN
United States District Judge